MINDER *et al.* v. EMPIRE CEMENT AND LIMESTONE COMPANY *et al.*

HILL, J. Joseph Minder and others filed a petition in behalf of themselves and other similarly situated, and alleged as follows: Formerly the Piedmont Portland Cement Company owned certain real estate, machinery, and other personal property, which constituted its "plant," business, etc. It issued bonds in the sum of $200,000, and executed a mortgage upon its properties to secure the issue of bonds. It sold bonds of that issue aggregating $145,500. Petitioners were purchasers of such bonds in the amount of $26,000. The properties covered by the mortgage were of the aggregate value of $375,000. Under foreclosure proceedings this property was sold to the defendants for $80,500. Petitioners were stockholders and bondholders of the Piedmont Portland Cement Company, which had issued large amounts of bonds, and owed other debts. An effort was made by the bondholders to create a new corporation, after selling the assets of the old corporation, and the bondholders were to be stockholders in the new corporation. Certain of the bondholders, who were designated as a pooling committee, were appointed to act for all the bondholders; and the bonds, including those of petitioners, were deposited with the committee and were used in part in the purchase of the old plant. Before this effort was consummated, a receiver was appointed to take charge of the assets of the Piedmont Portland Cement Company (the old company), and a decree was taken by which the mortgage securing the bonds was foreclosed, and which authorized a sale of all the property of the Piedmont Portland Cement Company. The "pooling committee" did not return the bonds delivered to them under the proposed reorganization plan. Instead, the committee and other bondholders organized the new company, the Empire Cement and Limestone Company, one of its purposes being the buying of the assets of the Piedmont Portland Cement Com-

pany. When the latter were sold at receiver's sale, one of the committee bid off the property for the Empire Cement and Limestone Company. The committee, for the latter company, paid $26,208.85 in cash, in accordance with the decree, and assumed certain indebtedness of the former company, and delivered all of the bonds they had received, including those belonging to the plaintiffs. The new company, the officers of which were the same as the officers of the old company, acquired the assets of the old company in such manner and under such circumstances as to "squeeze out" the plaintiffs, and commenced business, and incurred certain debts, which were secured by giving a mortgage upon the purchased assets. The new company incurred heavy indebtedness in the operation of its plant and business, among other liabilities being a mortgage for $15,000, which at the time of filing this suit it was unable to pay. It was alleged that the pooling committee were originally authorized to act for the petitioners in the purchase of the property from the sales committee of the old company, but upon the appointment of receivers the agreement became of no force and effect, notwithstanding which the committee retained the bonds deposited with them, including the bonds of petitioners, and applied them in part payment of the purchase-money of the properties of the old company bought at the sale under foreclosure proceedings. In this purchase they represented the new company, but petitioners claim that under the facts alleged a trust resulted in their favor, and should be declared to the extent that their bonds discharged the payment of the purchase-price, which petitioners allege to be a one-sixth interest in the assets of the new company. They pray: that a decree be granted in their favor, and in favor of those similarly situated, in proportion to their bonds unlawfully used, for the value of their interest in the property and assets of the company, the decree to be against the defendants generally, with a special lien on the property and assets; that it be decreed that petitioners and those similarly situated are in equity the owners of a one-sixth undivided interest in the property and assets; that these assets and property be sold by a commissioner or receiver of the court, and the proceeds be equitably distributed to those entitled; that a receiver be appointed to take charge of, collect in, hold, and administer said properties and assets under the decrees of the court; that the defendants be enjoined from interfering with the receiver of the court, etc.; and for general relief. *Held*, that under the facts alleged there was no resulting trust in favor of the plaintiffs, and that the petition was properly dismissed on demurrer.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

No. 487.   MAY 15, 1918.

Equitable petition.   Before Judge Pendleton.   Fulton superior court.   June 20, 1917.

*Westmoreland, Anderson & Smith,* for plaintiffs.

*Rosser, Slaton, Phillips & Hopkins,* for defendants.